# In the United States Court of Federal Claims

No. 19-1439
Filed: November 5, 2020
FOR PUBLICATION

| | |
|---|---|
| **JAMES K. BAER,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**UNITED STATES,**<br><br>*Defendant.* | Keywords: Motion to Dismiss; RCFC 12(b)(6); Tax Refund Claim; 26 U.S.C. § 6651(a); Late-Filing Penalty; Non-Delegable Duty to File; Reasonable Cause; 26 C.F.R. § 1.6081-4. |

*Cruz Saavedra*, Law Office of Cruz Saavedra, San Pedro, CA, for the plaintiff.

*Patrick Phippen*, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., for the defendant, with whom was *Mary M. Abate*, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C., of counsel.

## MEMORANDUM OPINION

***HERTLING*, Judge**

The plaintiff, James K. Baer, challenges the imposition of a late-filing penalty for his 2011 individual income-tax return filed on August 24, 2012, after the April 15, 2012 deadline for filing individual income-tax returns. The plaintiff asserts that his failure to file a timely return resulted from a miscommunication with his certified public accountant ("CPA"). The plaintiff believed his CPA had submitted on the plaintiff's behalf a timely request for an extension of the filing deadline; the CPA, however, had not done so due to his alleged misunderstanding of the tax law.

The defendant, the United States, acting through the Internal Revenue Service ("IRS"), moves to dismiss this action pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") for failure to state a claim upon which relief can be granted. The defendant argues that the requirement to file a tax return by the statutory deadline imposes a non-delegable duty on the filer. Even if Mr. Baer's CPA had provided him with mistaken tax law advice on the means of filing for a deadline extension and failed to file for the extension, the defendant argues, such a mistake was unreasonable and does not negate the plaintiff's own responsibility to meet the unambiguous deadline.

Because (1) the plaintiff had a non-delegable duty either to file his tax return or request a deadline extension by the statutory deadline; (2) his CPA's purported mistake of law was unreasonable; and (3) the plaintiff has not otherwise demonstrated special circumstances or

reasonable cause for the failure to file either a timely return or a timely request for an extension of the deadline, the Court grants the defendant's motion and dismisses the plaintiff's complaint.

# I.    BACKGROUND

## A.    Legal Framework

Since the date was first fixed in 1955, individual taxpayers have become well acquainted with a recurring, unavoidable deadline: the April 15 due date by which those with incomes above a certain level for the prior calendar year must file a tax return with the IRS and pay any income taxes owed.  26 U.S.C. §§ 6072(a), 6151(a) (references to Title 26 of the United States Code are cited hereafter as "I.R.C.").

Though April 15 is a statutorily fixed yearly deadline, the IRS provides taxpayers with a mechanism by which to obtain an extension of the deadline to file their tax return.  26 C.F.R. § 1.6081-4.  Rather than filing a tax return on April 15, an individual may request an automatic six-month extension of the filing due date by submitting IRS Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return ("Extension Form 4868"), to the IRS by April 15.  *Id.*  Proper submission of Extension Form 4868 automatically extends the time to file a tax return to October 15 of the year following the relevant tax year.

There are four requirements a taxpayer must meet to submit Extension Form 4868 and receive an automatic six-month filing-deadline extension.  An individual must:

> (1) Submit a complete application on Form 4868, "Application for Automatic Extension of Time To File U.S. Individual Income Tax Return," or in any other manner prescribed by the Commissioner;
>
> (2) File the application on or before the later of—
>
>> (i) The date prescribed for filing the return; or
>>
>> (ii) The expiration of any extension of time to file granted pursuant to § 1.6081–5;
>
> (3) File the application with the Internal Revenue Service office designated in the application's instructions; and
>
> (4) Show the full amount properly estimated as tax for the taxable year.

*Id.*  Treasury Regulation § 1.6081–4 does not specify any additional requirements for submitting Extension Form 4868.

Extension Form 4868 provides a taxpayer with an additional six months to file a tax return, but the six-month extension does not apply to the payment deadline.  *Id.*  The taxpayer must still submit by April 15 a payment of the tax estimated to be due, or the IRS will subject a taxpayer to a penalty for late payment.  I.R.C. § 6651(a)(2).  Nevertheless, no payment is necessary to obtain an automatic six-month extension of the filing deadline; instead, taxpayers

are merely required to "show the full amount properly estimated as tax for the taxable year" on Extension Form 4868, 26 C.F.R. § 1.6081-4, and may make a payment of the estimated balance "if [they] wish." (Compl. Ex. B, C.) While submission of a payment in conjunction with the filing of Extension Form 4868 may be advisable if the taxpayer is to avoid a late-payment penalty, it is not required to secure the extension.

As just noted, an individual who fails to file a timely tax return is subject to a late-filing penalty. I.R.C. § 6651(a)(1). The Internal Revenue Code provides that in case of failure "to file any return required . . . on the date prescribed therefor (determined with regard to any extension of time for filing)," there shall be "added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate." *Id.*

An exception to I.R.C. § 6651(a)(1) provides that a taxpayer is not subject to a late-filing penalty if "it is shown that such failure is due to reasonable cause and not due to willful neglect." *Id.* Treasury regulations further clarify that "reasonable cause" means that "if the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." 26 C.F.R. § 301.6651-1(c). The Supreme Court has interpreted the "willful neglect" standard of I.R.C. § 6651(a)(1) to mean "a conscious, intentional failure or reckless indifference." *United States v. Boyle*, 469 U.S. 241, 245-46 (1985) (citations omitted).

## B.    Facts

The plaintiff is a lawyer who represents clients in corporate law and business litigation matters. (ECF 1, Compl. ¶ 6.) In preparation for filing his personal income-tax returns for tax years 2009, 2010, and 2011, the plaintiff engaged the services of a CPA. (*Id.* ¶¶ 15, 17-18, 20-21.) For each year in question, the plaintiff worked with his CPA to prepare his tax return and to obtain an automatic six-month extension of the deadline to file his taxes. For each tax year, the plaintiff's CPA completed Extension Form 4868 on the plaintiff's behalf and sent him a copy of the completed form. (*Id.* ¶ 24.)

The plaintiff hired his CPA to prepare his return for the 2009 tax year on behalf of him and his then-spouse, Cheryl Baer. (*Id.* ¶ 15.) The CPA mailed or e-filed a timely Extension Form 4868, which extended the time to file the plaintiff's 2009 tax return from April 15, 2010, to October 15, 2010. (*Id.*) The 2009 extension form estimated the Baers' tax liability at $173,873, reflected total payments of $141,873, and estimated a balance due of $32,000. (ECF 1-2, Compl. Ex. A.) The plaintiff filed his personal income-tax return on June 21, 2010, with the additional balance owing of $32,000, that the plaintiff did not pay in full at that time. (Compl. ¶ 16.) While originally assessed with a penalty for failure to file a timely return for tax year 2009, the IRS later abated the plaintiff's penalty after determining that Extension Form 4868 had in fact been filed by the plaintiff's CPA. (*Id.* ¶¶ 26-27.)

For the 2010 tax year, the plaintiff again relied on his CPA to file a timely Extension Form 4868. The filing of Extension Form 4868 on time would have permitted the plaintiff to file

his return on or before October 15, 2011.  On or about April 5, 2011, the plaintiff's CPA prepared Extension Form 4868 and provided a copy to Mr. Baer (Mrs. Baer was not included due to the Baers' 2010 divorce).  (*Id.* ¶¶ 7, 24; Compl. Ex. B.)  The draft Extension Form 4868 reflected an estimated federal tax liability of $10,000, no prior payments, and an estimated balance due of $10,000.  (Compl. Ex. B.)  For reasons not explained in the complaint, the plaintiff's CPA neither mailed Extension Form 4868 for tax year 2010 to the IRS nor e-filed it, even though the plaintiff was under the impression that his CPA had done so.  (Compl. ¶¶ 17-18.)  The plaintiff filed his individual income-tax return for tax year 2010 on December 11, 2011, with a balance due of approximately $123,708; the plaintiff was unable to pay the balance due in full at the time he filed his return.  (*Id.* ¶ 19.)  The IRS assessed a late-filing penalty on the plaintiff for filing his return after April 15, 2011.  (*Id.* ¶ 26.)  The IRS subsequently abated the late-filing penalty for the 2010 tax year, after determining that the plaintiff qualified for the IRS's first-time abatement policy, given his "good history of timely filing and timely paying" his individual income taxes.  (*Id.* ¶ 28.)

For the 2011 tax year, the plaintiff again relied on his CPA to mail or e-file Extension Form 4868 on or before April 15, 2012, in order to allow him to file his timely return on or before October 15, 2012.  On or about March 12, 2012, Mr. Baer's CPA prepared Extension Form 4868 on his behalf.  (Compl. Ex. C.)  The Extension Form 4868 for the 2011 tax year reflected an estimated federal-tax liability of $130,000, no payments made, and an estimated balance due of $130,000.  (*Id.*)  The plaintiff received a fully completed extension form from his CPA and believed that his CPA had submitted the form to the IRS.  (Compl. ¶¶ 24-25.)  Unbeknownst to the plaintiff, however, and as in 2010, his CPA had not submitted to the IRS the completed Extension Form 4868 for the 2011 tax year.  (*Id.* ¶ 20.)

The plaintiff filed his individual income-tax return for the 2011 tax year on August 24, 2012; his return showed a balance due of approximately $153,752, that he did not pay at that time.  (*Id.* ¶ 22.)  Had a timely Extension Form 4868 been filed with the IRS, the plaintiff's August filing would have met the October 15, 2012, extended deadline.  Because the plaintiff had neither filed a tax return by April 15, 2012, nor requested a deadline extension, the IRS assessed the plaintiff with the $27,139.14 late-filing penalty at issue in this case.  (*Id.* ¶¶ 26, 29.)  The plaintiff does not challenge the computation of the amount of the 2011 penalty.

For Mr. Baer's 2009, 2010, and 2011 tax returns, the IRS assessed, in addition to late-filing fees per I.R.C. § 6651(a)(1), failure-to-pay (*i.e.*, late-payment) penalties pursuant to I.R.C. § 6651(a)(2) and interest pursuant to I.R.C. § 6601(a).  (*Id.* ¶ 36.)  As set forth above, the IRS previously determined that the 2009 late-filing penalty was erroneously imposed, and the 2010 late-filing penalty was abated under the IRS's first-time abatement program.  The 2011 late-filing fee at issue here has not been abated.  (*Id.* ¶¶ 33, 35.)

The plaintiff entered into an installment agreement with the IRS to resolve all outstanding 2009, 2010, and 2011 income-tax liabilities.  (*Id.* ¶ 23.)  Through two payments made on October 5 and October 7, 2015, the plaintiff paid all liabilities for tax year 2011, including the 2011 late-filing penalty at issue in this case.  (*Id.* ¶ 30.)  As of the date of his complaint, the plaintiff had paid all tax, interest, and penalties owing for the 2009, 2010, and 2011 tax years.  (*Id.* ¶¶ 30, 36.)

4

**C.      Procedural History**

On October 4, 2017, the plaintiff filed a timely Form 843, Claim for Refund and Request for Abatement, with the appropriate IRS office seeking a refund of his payment of the 2011 tax year late-filing penalty, plus interest.  (*Id.* ¶ 31.)  The IRS has not acted on the plaintiff's refund claim, neither granting nor denying it.  (*Id.* ¶ 33.)

The plaintiff filed his complaint on September 13, 2019, seeking the return of the $27,139.14 late-filing penalty for tax year 2011 and interest.  He alleges that he reasonably relied on his CPA to obtain an automatic extension for the submission of his tax year 2011 return on his behalf.

The defendant moves to dismiss this action pursuant to RCFC 12(b)(6), and the parties have fully briefed the motion.  The Court has determined that oral argument would not aid in the resolution of this case.

## II.      JURISDICTION AND STANDARD OF REVIEW

This Court possesses jurisdiction over claims for tax refunds when a plaintiff has "duly filed" a refund claim "according to the provisions of law in that regard, and the regulations of the [IRS] established in pursuance thereof[,]" I.R.C. § 7422(a), and has waited at least six months without a decision from the IRS, *id.* § 6532(a)(1).  Mr. Baer filed a refund claim with the IRS in 2017, more than six months prior to the filing of this action.  At the time of the complaint, and until today, the IRS has not acted on the plaintiff's refund claim.  Accordingly, the Court has jurisdiction over the plaintiff's complaint.

The government has moved to dismiss for failure to state a claim under RCFC 12(b)(6). Dismissal for failure to state a claim upon which relief can be granted "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy."  *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  In evaluating a motion to dismiss for failure to state a claim, the court must accept as true a complaint's well-pleaded factual allegations and construe them in the most favorable manner to the plaintiff.  *Ashcroft v. Iqbal*, 566 U.S. 662, 668 (2009). The court must draw all reasonable inferences in favor of the non-moving party.  *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001).

To avoid dismissal, a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing that the plaintiff is entitled to the relief sought.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

Under I.R.C. § 7491(c), in a case concerning the IRS's imposition of a late-filing penalty, the IRS has the initial burden of production with respect to the appropriateness of the late-filing penalty.  *Higbee v. Comm'r*, 116 T.C. 438, 446-47 (2001).  The IRS may discharge this burden by showing that the tax return in question was filed after the due date.  *Id.*  The taxpayer must then demonstrate that the application of the late-filing penalty is inappropriate.  *Id.*  The taxpayer

must satisfy a "'heavy burden' of proving its failure to file timely was due to reasonable cause and not willful neglect." *Estate of Liftin v. United States*, 110 Fed. Cl. 13, 19 (2013) (quoting *Boyle*, 469 U.S. at 245), *aff'd* 754 F.3d 975 (Fed. Cir. 2014).

## III.   DISCUSSION

The crux of the parties' dispute is whether Mr. Baer's reliance on his CPA, who did not obtain a deadline extension on his behalf, amounts to "reasonable cause" for his failure to file a timely tax return for tax year 2011. The Court will address the implications of the unsubmitted Extension Form 4868 on several bases. First, the Court considers whether Mr. Baer still had a personal duty to file a timely tax return even after delegating the task to his CPA. Second, the Court evaluates whether Mr. Baer remains liable for any purported mistake of substantive tax law by his CPA regarding the proper means of filing for an extension. Finally, the Court considers whether any special circumstances exist that might excuse the plaintiff's late filing.

### A.   Taxpayer's Non-delegable Duty to Adhere to Filing Deadlines

The Court first turns to the question of whether the plaintiff had a personal duty to adhere to the filing deadline after delegating preparation and submission of Extension Form 4868 to his CPA.

While a taxpayer may secure the services of a CPA for tax-filing purposes, the Supreme Court has held that the taxpayer retains the obligation to ascertain and meet any statutory deadlines and may not escape liability for violating those deadlines based on the hiring of an agent to prepare the taxpayer's return:

> Congress has placed the burden of prompt filing on the [taxpayer], not on some agent or employee of the [taxpayer]. The duty is fixed and clear; Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations.
>
> . . .
>
> It requires no special training or effort to ascertain a deadline and make sure that it is met. The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not "reasonable cause" for a late filing under [I.R.C.] § 6651(a)(1).

*Boyle*, 469 U.S. at 249-50, 252.

This court has also held that even when a CPA serves as the taxpayer's agent, the taxpayer himself has a personal, non-delegable duty to file a tax return on or before the statutory deadline. *See Carmean v. United States*, 4 Cl. Ct. 181, 185 (1983) ("A long line of cases hold[s] that when a taxpayer knows that a return must be filed on a particular date, he may not rely on his [agent] to file the return."); *see also United States v. Kroll,* 547 F.2d 393, 396 (7th Cir. 1977) (refusing to accept as "reasonable cause" plaintiff's excuse that he relied upon his agent to

ensure tax return was filed on time).  A judge of this court only recently reaffirmed the long-standing holding of *Boyle* and *Carmean*, *All Stacked Up Masonry, Inc. v. United States*, ___ Fed. Cl. ___, 2020 WL 6194599 (2020), and now this Court does so again.

The defendant argues that under *Boyle* and this and other courts' precedents, Mr. Baer had a non-delegable duty to file his tax return on time, even if he had a reasonable belief that his CPA had filed a timely Extension Form 4868 on his behalf.  In particular, the defendant notes the applicability of *McMahan v. C.I.R.*, 114 F.3d 366 (2d. Cir. 1997).  In *McMahan*, the plaintiff relied on his attorney's assertion that an extension request had been filed on his behalf.  *Id.* at 368-69.  Nevertheless, the attorney erroneously failed to file the extension request, resulting in the imposition of a late-filing penalty on the taxpayer.  *Id.*  The Second Circuit rejected the taxpayer's argument that he had reasonable cause for his failure to file a timely return based on his agent's assurance that the agent would file the application for an extension.  The Second Circuit specifically noted that "reliance on an agent for the ministerial task of filing a tax return by the statutory deadline does not constitute reasonable cause."  *Id.* at 369.  Mr. Baer, the defendant argues, was fully aware of the unambiguous April 15 and October 15 deadlines based on his prior extension-form submissions.  His use of an agent does not negate his personal responsibility for meeting the filing deadline.

The plaintiff, in large part, concedes this point: he acknowledges that he is "not contending that his duty to file timely is delegable."  (ECF 19 at 2.)  Nonetheless, the plaintiff argues that based on industry practice and the prior course of dealings between the plaintiff and his CPA, it was the "plaintiff's return preparer who would be the appropriate and expected individual to file the 2011 request for extension."  *(Id.* at 9.)  Further, the plaintiff notes that Extension Form 4868 does not require the signature of the taxpayer.  By not requiring the taxpayer's signature, unlike most other tax-related filings with the IRS, an agent may more easily file Extension Form 4868 on the taxpayer's behalf and without the taxpayer's involvement.  The plaintiff suggests that this aspect of the form's design and industry custom create a reasonable expectation in taxpayers that their agents will file the form on their behalf and they may reasonably rely on that expectation to avoid late-filing penalties, even when the agent has failed to file the form.

Under *Boyle*, the Court is constrained to find that, despite hiring a CPA to complete and submit Extension Form 4868 on his behalf, Mr. Baer maintained a personal responsibility to request a deadline extension or to file a tax return on or before April 15, 2012.  Even though he expected that his CPA would submit the form seeking an extension, his reliance on his CPA to do so cannot excuse him from complying with a non-delegable duty.  The plaintiff therefore cannot escape the late-filing penalty, unless some other legal justification can save him.

### B.    Taxpayer's Liability for a Tax Agent's Mistake of Law

The Court next considers whether the plaintiff is entitled to abatement of the late-filing penalty because his CPA misunderstood the applicable tax law.  According to the plaintiff, the CPA believed that Mr. Baer needed to pay the estimated balance due with his extension request.  The CPA therefore provided him with the completed and unsent form, rather than immediately submitting it, so that Mr. Baer could submit payment along with the form.  For his part, Mr. Baer

assumed that his CPA had merely sent him a courtesy copy of the submitted form given that payment is not necessary for the submission of an extension request.  Because his CPA erroneously believed that the taxpayer must pay the estimated tax liability shown on the extension form in order for the extension to be granted, and his CPA did not submit the form on that basis, the plaintiff argues that he had a reasonable basis for his late filing given his reliance on his CPA's mistaken understanding of the law.

When a taxpayer relies on a tax advisor, his personal liability for noncompliance with relevant tax regulations turns on whether the advisor was providing mere ministerial assistance or substantive advice on tax law.  When a tax advisor assists a client in preparing and filing a tax return, the taxpayer remains liable for any ministerial acts, such as filing by the applicable deadline.  *See McMahon*, 114 F.3d at 369 ("[R]eliance on an agent for the ministerial task of filing a tax return by the statutory deadline does not constitute reasonable cause" for a late filing.); *see also Boyle*, 469 U.S. at 251-52 ("[O]ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due. . . . Reliance by a lay person on a lawyer [or CPA] . . . cannot function as a substitute for compliance with an unambiguous statute.").  The Supreme Court has noted that, in contrast to ministerial acts, it is reasonable to rely on a tax professional for advice on issues of *substantive* tax law:

> When an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney. To require the taxpayer to challenge the attorney . . . on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place.

*Id*. at 251 (emphasis in original).  The Supreme Court found that the ordinary business care and prudence required of a taxpayer do not require the taxpayer to assume personal responsibility for mistakes of law made by tax advisors.  *Id*.

The plaintiff makes two points in support of his argument that his CPA's failure to submit a timely Extension Form 4868 for tax year 2011 constituted erroneous substantive tax-law advice, absolving him of his responsibility to ensure compliance with the statutory filing deadline.

First, the plaintiff argues that his CPA's *conduct—i.e.*, not submitting Extension Form 4868 under the belief that the estimated balance due for tax year 2011 had to be paid in conjunction with the submission in order to be granted an extension—constitutes *advice*.  The CPA's action of sending the completed form to Mr. Baer without filing it first was, according to the plaintiff, advice itself.  The complaint, however, does not allege that the plaintiff's CPA provided legal advice on this issue.  In fact, the plaintiff acknowledges in his brief that when the exchange between his CPA and him occurred, the plaintiff "did not have any conversation on the subject with his return preparer."  (ECF 19 at n.9.)

8

Second, the plaintiff argues that he relied on his CPA's erroneous legal "advice."  The plaintiff cites a line of cases holding that when a taxpayer hires a competent tax expert and that tax expert provides mistaken advice, the taxpayer may have reasonable cause for a late filing due to reliance on the incorrect professional opinion.  Here, Mr. Baer argues that the advice his CPA gave him in not filing Extension Form 4868 was erroneous; because, however, the plaintiff could reasonably rely on the advice as the professional opinion of a tax expert, he had reasonable cause for his late filing.

The defendant rejects the plaintiff's argument.  The defendant notes, as the Court held above and the plaintiff conceded (*id.* at 2), that the duty to file a timely return is non-delegable. Whether the late filing was due to erroneous legal advice or the failure to perform a ministerial task, filing by the statutory deadline remains the plaintiff's non-delegable duty.

Even if the CPA's conduct could constitute advice, the defendant argues that the advice could not serve as "reasonable cause" for abatement of the 2011 late-filing penalty because the exception for reliance on erroneous tax advice requires that the tax advice provided be reasonable.  *See Stobie Creek Invs. LLC v. United States*, 608 F.3d 1366, 1381 (Fed. Cir. 2010) (holding that advice relied upon must not be based on any "unreasonable factual or legal assumptions" given that the "reasonableness of any reliance turns on the quality and objectivity of the advice"); *see also Estate of Liftin v. United States*, 754 F.3d 975, 979-80 (Fed. Cir. 2014) ("Even if all factual assumptions are correct, the [IRS] regulation bars a defense of reliance on professional advice if the advice depends on legal assumptions that are simply unreasonable.").

The Court rejects the plaintiff's first argument and agrees with the defendant's position that the CPA's failure to file the extension request due to a mistaken belief that payment must accompany the request did not constitute "advice."  The plaintiff and his CPA did not discuss the submission of the extension form: the plaintiff asked no questions, and the CPA provided no instructions.  Had the plaintiff alleged such communication regarding whether payment had to accompany the request for additional time to file, such communication could have constituted legal advice.

The Court also rejects the plaintiff's second argument.  Even if the CPA's act of sending to Mr. Baer a copy of a completed Extension Form 4868 could be construed as the provision of tax advice by the CPA, that advice would not have been based on a "[]reasonable factual or legal assumption[]," *Stobie Creek*, *supra*, and the plaintiff's reliance on it would not be reasonable.

In 2009, when the plaintiff's CPA correctly submitted Extension Form 4868 for him, the form instructed taxpayers to submit a payment along with the request "if you wish."  (Compl. Ex. A.)[1]  On its face, the form suggested that payment in conjunction with the extension request

---

[1] The 2009 tax year Extension Form 4868, which the plaintiff's CPA completed, reads: "There are three ways to request an automatic extension of time to file a U.S. individual income tax return. 1. You can file Form 4868 electronically by accessing IRS e-file using you[r] home

was optional.  The 2010 and 2011 versions of the form were slightly revised and explicitly instructed taxpayers that they were "not required to make a payment of the tax you estimate as due."  (Compl. Ex. B, C.)

The plaintiff's CPA, having completed the form on Mr. Baer's behalf all three years, would have been aware via the form's explicit text that no payment was required to submit Extension Form 4868 and receive the automatic extension of the filing deadline.  The wording of Extension Form 4868's instructions, located on the same page on which the CPA filled in Mr. Baer's personal information, provides clear notice to filers that no payment is necessary at that time.  The provision on the face of the form of an explicit instruction regarding the ability to file for an extension of the filing deadline without payment renders any belief to the contrary unreasonable.  Therefore, even accepting, as the Court must, the complaint's allegation that Mr. Baer's CPA made an erroneous legal assumption about the requirement that payment accompany the filing of Extension Form 4868, such an assumption was not reasonable and cannot excuse the plaintiff's failure to perform his non-delegable duty.

There was no reasonable cause for the plaintiff's failure to file a timely tax return or extension request for tax year 2011, and therefore there is no basis to abate the late-filing penalty.

### C.      Special Circumstances

Finally, the Court notes the absence of special circumstances in this case.  The Supreme Court noted in *Boyle* a variety of circumstances the IRS has historically considered in determining whether a taxpayer has established the ordinary care and prudence required to allege reasonable cause for a late filing:

> These reasons include unavoidable postal delays, the taxpayer's timely filing of a return with the wrong IRS office, the taxpayer's reliance on the erroneous advice of an IRS officer or employee, the death or serious illness of the taxpayer or a member of his immediate family, the taxpayer's unavoidable absence, destruction by casualty of the taxpayer's records or place of business, failure of the IRS to furnish the taxpayer with the necessary forms in a timely fashion, and the inability of an IRS representative to meet with the taxpayer when the taxpayer makes a timely visit to an IRS office in an attempt to secure information or aid in the preparation of a return.

---

computer or by using a tax professional who uses *e-file*. 2. You can pay all or part of your estimate of income tax due using a credit or debit card. 3. You can file a paper form 4868." (Compl. Ex. A.)  The form provides that its filing is one method by which taxpayers can request an extension, without mentioning any concurrent requirement to pay.  The form also provides "*[i]f you wish* to make a payment, you can pay by electronic funds withdrawal or send your check or money order [to the provided address]."  *Id.* (emphasis added).

*Boyle*, 469 U.S. at 243 n.1 (citing Internal Revenue Manual (CCH) § 4350, (24) ¶ 22.2(2) (Mar. 20, 1980) (Audit Technique Manual for Estate Tax Examiners)).[2]

The Internal Revenue Manual in effect at the time Mr. Baer's late-filing penalty was imposed instructed that "[r]easonable cause is generally established when the taxpayer exercises ordinary business care and prudence, but, due to circumstances beyond the taxpayer's control, the taxpayer was unable to timely meet the tax obligation," a fact-based analysis which includes consideration of the above-quoted circumstances.[3]  Internal Revenue Manual 20.1.1.3.2.2(2)(d) (Feb. 22, 2008).  Most crucially, reasonable cause involves events that are outside the taxpayer's control and create a disability that renders the taxpayer unable to file by the deadline.  *McMahan*, 114 F.3d at 369 (noting that special circumstances "arise as a result of factors beyond a taxpayer's power to control").  *See also All Stacked Up Masonry*, ___ Fed. Cl. at ___, 2020 WL 6194599 at *5; *Stine v. United States*, 106 Fed. Cl. 586, 590-92 (2012).

The plaintiff, indeed, concedes that "the ministerial act of filing an extension for his 2011 tax return" was not "beyond his control under the judicial interpretation assigned to 'special circumstances' for reasonable cause purposes."  (ECF 19 at 7.)  He argues that the failure to file resulted from his CPA's erroneous understanding of the tax law, as discussed above.  Apart from his miscommunication with his CPA, he concedes, he would otherwise have been able to file his return himself.  As a result, the complaint does not allege the existence of any such special circumstances.

Because Mr. Baer was competent and available to file a timely extension request and maintained a duty to do so—despite relying on his CPA's services—no special circumstances absolve the plaintiff of his non-delegable duty to file a timely return or request for an extension to file his return.  The Court thereby finds the imposition of a late-filing penalty to be appropriate.

---

[2] As the Supreme Court further explained in *Boyle*, "[i]f the cause asserted by the taxpayer does not implicate any of these eight reasons, the district director determines whether the asserted cause is reasonable."  469 U.S. at 243 n.1.  The Internal Revenue Manual itself is not binding on this Court.  *See, e.g., Norman v. United States*, 942 F.3d 1111, 1115 (Fed. Cir. 2019).

[3] The Court considers the Internal Revenue Manual solely as context for understanding the nature of the circumstances that may indicate a taxpayer had reasonable cause for a late filing.

**IV.     CONCLUSION**

      Mr. Baer relied on a CPA to request a deadline extension for filing his 2011 tax return; his CPA failed to do so.  Regardless, Mr. Baer had a non-delegable duty to file a timely tax return or make a timely request for an automatic deadline extension.  The plaintiff's argument regarding his reliance on his CPA's advice is unreasonable and unavailing.  Mr. Baer is not entitled to a refund of the 2011 tax year late-filing penalty that he paid to the IRS.  The plaintiff's claim must be dismissed.

      The Court will issue an order in accordance with this decision.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**
